IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| COMMONWEALTH OF PENNSYLVANIA, Plaintff, | : : : : | 1:10-MC-158 |
|---|---|---|
| v. | : : | Hon. John E. Jones III |
| JOHN J. BUCKSHAW, Defendant. | : : | |

## MEMORANDUM

### April 9, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On April 8, 2010, Defendant John J. Buckshaw ("Buckshaw") filed a Notice of Removal from the Court of Common Pleas of Allegheny County with this Court. (Doc. 1). On that date, Buckshaw also filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2). For the reasons that follow, this case shall be dismissed.

**I.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's allegations. *Morrison*

1

*v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

This case is not removable under the federal removal statute. *See* 28 U.S.C. § 1441 (a). The federal removal statute only provides for the removal of *civil* lawsuits under certain circumstances. Buckshaw is attempting to remove a criminal prosecution to this Court. State criminal prosecutions are simply not removable to federal court, thus this case must be dismissed.

## III. CONCLUSION

Accordingly, for the reasons stated above, this action shall be dismissed. An appropriate Order shall issue.